UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JUAN RODRIGUEZ-CALDERON,

                Petitioner,

v.                                                       Case No. 22-cv-0458-bhl

DRUG ENFORCEMENT ADMINISTRATION, et al,

                Respondent.

## SCREENING ORDER DISMISSING PETITION

On April 14, 2022, Petitioner Juan Rodriguez-Calderon, a state prisoner currently incarcerated at Racine Correctional Institution, filed what he calls a petition for writ of habeas corpus under 28 U.S.C. Section 2241. (ECF No. 1.) Two weeks later, he paid the $5.00 filing fee. This Court now conducts a preliminary review of Rodriguez-Calderon's petition, pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to screen Rodriguez-Calderon's petition. The rule provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing Section 2254 Cases. During its initial review of a habeas petition, the Court examines whether the petitioner has set forth cognizable constitutional or federal law claims

---

[1] Rule 1(b) of the Rules Governing Section 2254 Cases allows district courts to apply the same rules to Section 2241 cases. ("The district court may apply any or all of these rules to . . . habeas corpus petition[s] [not filed pursuant to Section 2254 and Rule 1(a) of the Rules Governing Section 2254 Cases]."). *See, e.g.*, *Bradley v. Fuchs*, No. 21-CV-49-JDP, 2021 WL 1946408, at n.2 (W.D. Wis. Apr. 27, 2021) (citing *Poe v. United States*, 468 F.3d 473, 477 n.6 (7th Cir. 2006)) (construing a petition for writ of habeas corpus improperly brought under Section 2254 as having been brought under Section 2241 and conducting a preliminary review pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases).

and tries to confirm that those claims have been exhausted in state court. *See Bradley v. Fuchs*, No. 21-CV-49-JDP, 2021 WL 1946408, at *1 (W.D. Wis. Apr. 27, 2021) (citing *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979)).

Rodriguez-Calderon alleges that the United States Drug Enforcement Administration and "Milwaukee Police Drug Unit Department" are illegally withholding his car and $135,000 in cash, seized pursuant to a search warrant executed on June 21, 2016. (ECF No. 1 at 1.) He asks the Court to rectify this due process violation and order his assets returned. (*Id.*) Rodrigues-Calderon has filed the wrong kind of lawsuit.

A federal writ of habeas corpus is not the right way for him to cure this purported injustice. "Habeas corpus" literally means "thou (shalt) have the body," *Johnson v. Eisentrager*, 339 U.S. 763, 778 n.10 (1950), and that body refers to a person not automobiles or cash. A "writ of habeas corpus is designed to free persons wrongly held," *Madej v. Briley*, 371 F.3d 898, 900 (7th Cir. 2004), or, in rare instances, compel prompt adjudication of pending charges. *See Alphonse v. Milwaukee Cnty. Sheriff Office*, No. 21-CV-877, 2021 WL 5283669, *1-2 (E.D. Wis. Oct. 27, 2021). Property disputes are, therefore, not properly within the purview of federal habeas courts. *See Reynolds v. Werlich*, No. 18-CV-1186-DRH, 2018 WL 3536753, at *2 (S.D. Ill. July 23, 2018) (holding that a request for return of property is not cognizable in a habeas proceeding). Thus, because Rodriguez-Calderon has not alleged any claim cognizable in habeas, his petition must be denied.

**IT IS HEREBY ORDERED** that, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the petition for writ of habeas corpus is **DENIED**, and the case is **dismissed**. A certificate of appealability will also be **DENIED**. The Court does not find that reasonable jurists would believe that the petitioner has made a substantial showing of the denial of a constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on September 21, 2022.

s/ *Brett H. Ludwig*<br>
BRETT H. LUDWIG<br>
United States District Judge